UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-755 |
| | § | |
| AURORA LOAN SERVICES, LLC, DLJ | § | |
| MORTGAGE CAPITAL, INC., AND | § | |
| U.S. BANK, NA | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is defendant Aurora Loan Service, LLC's ("Aurora") motion to dismiss (Dkt. 23), and defendants U.S. Bank, N.A. ("U.S. Bank") and DLJ Mortgage Capital, Inc.'s ("DLJ") motion to dismiss (Dkt. 25). After considering the motions, responsive briefing, and the applicable law, the court is of the opinion that the motions should be **GRANTED**.

**I. BACKGROUND**

This case stems from the foreclosure of plaintiff Richard Johnson's home and property in Harris County, Texas located at 926 Peachwood Bend, Houston, Texas. Dkt. 19 at 2. Johnson purchased the property in 1998. *Id.* On or around November 10, 2006, Johnson borrowed money from CIT Group Finance, Inc. ("CIT"), and CIT granted a note and deed of trust to secure the loan ("CIT loan"). *Id.* The Mortgage Electronic Registration Service ("MERS") was designated as the beneficiary of the Deed of Trust and held the first lien on the property. *Id.* In 2009, the CIT loan was assigned from MERS to Aurora. *Id.*

Johnson defaulted on the CIT loan and in 2009, and Aurora provided notice of acceleration. *Id.* Following notice of acceleration, Johnson made payments on the CIT loan which

were accepted by Aurora. *Id.* Aurora then gave notice of foreclosure, and on February 1, 2011, Aurora foreclosed on Johnson's home. *Id.* The property was sold for $704,106.33, and Johnson owed Aurora $473,793.04 in principal on the CIT loan. *Id.* Johnson alleges that Aurora conveyed the property to U.S. Bank in August 2012 through quitclaim deed, and then conveyed the same property to DLJ Mortgage through special warranty deed in November 2013. *Id.* at 3.

Johnson alleges four claims against Aurora, U.S. Bank, and DLJ: 1) the foreclosure was invalid because Aurora did not properly accelerate the CIT loan; 2) Johnson is entitled to the $230,313.29 surplus between the principal owed and selling price of the property; 3) all defendants were aware and willing participants in a conspiracy to deprive Johnson of his property; and 4) all defendants participated in unreasonable debt collection.

The defendants' two separate motions to dismiss allege very similar grounds for dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), and the court will consider them together. Johnson did not timely respond to the motions to dismiss, but did file a response more than a month after the response deadline of both motions. Dkt. 28. Under the local rules, failure to timely respond to a motion will be taken as a representation of no opposition. S.D. Tex. L.R. 7.4. Moreover, Johnson's response does not even address the fact that it was late, much less provide good reason for why the court should consider the response. *See* Dkt. 28. The court will not consider the late response, and even if it did, the response does not change the pleading defects of plaintiff's amended complaint.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*,

699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

### III. ANALYSIS

#### A.  *Declaratory Judgment and Trespass to Try Title*

Johnson alleges that the foreclosure on his property was invalid because Aurora failed to give notice of re-acceleration after it had accepted Johnson's payments after he received the notice of acceleration the first time. Dkt. 19 at 3. Johnson claims he is entitled to a declaratory judgment, and in the alternative, he brings a "trespass to try title" claim to determine Johnson's superior title and ownership interest in the property. The court construes the complaint as seeking declaratory judgment on a wrongful foreclosure claim, and a trespass to try title claim. Johnson has not sufficiently pled either claim.

##### 1.  *Wrongful Foreclosure*

Johnson's complaint appears to seek a declaratory judgment for improperly foreclosing on his home. Dkt. 19 at 3. However, the Texas Uniform Declaratory Judgment Act is a procedural device to seek recovery over an independent cause of action, and it alone does not create any

3

substantive rights or causes of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Therefore, because Johnson claims his home was improperly foreclosed upon, the court considers his request for a declaratory judgment as a theory of recovery predicated on a cause of action for wrongful disclosure. *Id.* (construing a request under the Texas Uniform Declaratory Judgment Act for a breach of contract complaint as a theory of recovery predicated on the cause of action for breach of contract).

"A wrongful foreclosure claim requires proof of: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Deubler v. Bank of New York Mellon*, No. 07-13-00221-CV, 2015 WL 3750312, at *7 (Tex. App.—Amarillo June 15, 2015).

Johnson alleges that Aurora foreclosed on plaintiff's home in violation of Texas law because Aurora failed to give notice of re-acceleration before the property was foreclosed. Dkt. 19 at 2. Aurora argues that the notice of foreclosure sale constituted notice of acceleration, which precludes Johnson's claim. Dkt. 23 at 6. Johnson's complaint concedes that Aurora gave him notice of acceleration in 2009 after he defaulted, and gave him notice of foreclosure before foreclosing in 2011. Dkt. 19 at 2. However, Johnson also pled that Aurora accepted payments from him on the CIT loan after the notice of acceleration. *Id.*

In Texas, when a note or deed of trust secured by real property contains an optional acceleration clause and the noteholder has accelerated the note upon default, the noteholder can abandon the acceleration if he accepts payments "without exacting any remedies available to it upon declared maturity." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001); *Rivera v. Bank of Am., N.A.*, – F. App'x –, 2015 WL 1843705, at *2 (5th Cir. Apr. 23, 2015); *Khan v. GBAK Props, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [14th Dist.] 2012).

4

Construing the facts in the light most favorable to the plaintiff, Johnson has effectively pled that Aurora abandoned its acceleration. Though Aurora claims that notice of foreclosure sale constituted notice of acceleration, Johnson has pled that the original acceleration was abandoned. Therefore, the single notice of foreclosure would not meet the requirement under Texas law that proper notice first requires a notice of intent to accelerate and opportunity for cure, and then a notice of acceleration which could be given through the filing of an application for foreclosure. *Burney v. Citigroup Global Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas, 2008). Johnson has pled facts to meet the first element of a wrongful foreclosure claim at this point in the case.

However, Johnson does not allege facts that relate to the second two elements of a wrongful foreclosure claim. There is no claim that there was a grossly inadequate selling price, or a causal connection between the alleged defect and the selling price. In short, Johnson has not pled facts sufficient to state a claim for wrongful disclosure, and therefore cannot seek a declaratory judgment on this claim. Defendants' motions to dismiss on the basis of wrongful foreclosure, including a declaratory judgment, are GRANTED.

    2.    *Trespass to Try Title*

In the alternative, Johnson brings a cause of action for "trespass to try title in order to determine [his] superior title" to the property because of the foreclosure proceedings. Dkt. 19 at 3. Defendants respond that Johnson failed to meet the procedural requirements of such a claim, failed to plead substantive elements of the claim, failed to plead that he tendered the outstanding balance of the complaint, and they argue that Johnson contesting the defendants' assignment of deed of trust does not impact Johnson's claim to the title. Dkts. 23 at 8–10; 25 at 6–7.

"In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate

possession." *Lombardi v. Bank of Am.*, No. 3:13-CV-1464-O, 2014 WL 4798424, at *3 (N.D. Tex. Sept. 5, 2014) report and recommendation adopted, No. 3:13-CV-1464-O, 2014 WL 4798444 (N.D. Tex. Sept. 26, 2014);  Tex. Prop. Code Ann. § 22.001(a) (Vernon 2000).  "The action is governed by special pleading and proof requirements established by the Texas Rules of Civil Procedure." *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.—Texarkana, 2010).  Additionally,

> [t]o maintain an action of trespass to try title, the person bringing the suit must have title to the land sought to be recovered.  A plaintiff's right to recover depends on the strength of his or her own title, not the weaknesses of the title of his or her adversary.  A defendant is not required to show title in himself or herself, nor may the plaintiff rely on the defendant's failure to do so.  Ordinarily, a plaintiff may recover (1) by proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession and that the possession has not been abandoned.

*Id.* (internal quotations omitted).  And, the plaintiff must affirmatively plead that he tendered the outstanding balance of the mortgage debt as a precondition to recovery of the title, and failure to do so subjects the claim to dismissal for failure to state a claim.  *Fillion v. David Silvers* Co., 709 S.W. 2d 240, 246 (Civ. App.—Houston [14th Dist.] 1986); *James v. Wells Fargo Bank, N.A.*, Civ. No. H-14-0449, 2014 WL 2123060, at*7–8 (S.D. Tex. May 21, 2014); *Lopez v. Sovereign Bank, N.A.*, No. H-13-1429, 2014 WL 1315834, at *5 (Mar. 31, 2014) ("Texas courts have made clear that a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note." (internal citation and quotations omitted)).

Johnson's complaint claims that all conditions precedent have been performed or have occurred.  Dkt. 19 at 2.  However, conclusory allegations do not suffice when assessing a motion to dismiss.  *Iqbal*, 556 U.S. at 678–79.  Johnson's complaint explains that he defaulted on the CIT loan around 2009, and that he owed $473,793.04 at the time of the foreclosure.  *Id.* at 3.  Nowhere in the complaint does Johnson pled facts that indicate that he tendered the rest of the mortgage debt before

the foreclosure sale. On this basis, Johnson's trespass to try title claim fails. Defendants' motions to dismiss this claim are GRANTED.

B.	*Claim for "payment of the overage"*

Johnson's next request for relief is:

> [i]n the alternative, should the Court not find that the February 1, 2011 foreclosure was invalid, Plaintiff would ask this Court to award judgment against Defendant Aurora for $230,313.29, said amount being the overage between Plaintiff's debt on the CIT loan and the value Defendant Aurora received at foreclosure.

Dkt. 19 at 3. DLJ and U.S. Bank argue that the language could be construed as a breach of contract claim for a breach of the Deed of Trust, but that if construed as such, plaintiff has not alleged 1) that the movants were the trustee under the deed of trust, or 2) accounted for the interest and penalties plaintiff owed beyond the principal amount. Dkt. 25 at 7–8. Aurora asserts that the claim could possibly be construed as one for money had and received, or for conversion, but asserts that there are not sufficient facts pled to meet the elements of these claims. Dkt. 23 at 12–13.

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation omitted). Based on the complaint, it is unclear under what cause of action Johnson is seeking to recover the "overage" money. He simply claims he is owed the difference between what he owed on the principal of the property and its sales price. Johnson must give fair notice of the causes of action he wants to advance. *Id.* The court should not have to guess under what of many possible theories the plaintiff seeks recovery, nor consider every conceivable claim to see if the plaintiff has pled facts to support the elements of the possible claim. To do so is to carry plaintiff's burden to plead facts that state a claim upon which relief could be granted. Further, this is not the complaint

7

of a pro-se plaintiff, and the plaintiff has already been allowed to amend his pleadings. Plaintiff has not met his pleading burden on his request for an "overage" payment, and defendants' motions to dismiss this claim are GRANTED.

Even if the court had considered the facts as they apply to the various potential constructions of the claim the defendants put forth, they fail on the face of the complaint for reasons beyond pleading deficiencies. The affirmative defense of statute of limitations can be addressed in a Rule 12(b)(6) motion if the defense is "established by the face of the complaint." *Janvey v. Suarez*, 978 F. Supp. 2d 685, 702 (N.D. Tex. 2013). The complaint in this case was not filed within the statute of limitations for a conversion claim, money had and received claim, or breach of contract claim, and no basis for tolling the limitations is apparent or was raised. Nor did Johnson timely or otherwise respond to Aurora's arguments that the statute of limitations barred this claim.

Claims for conversion and money had and received are subject to a two year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. §16.003(a); *Vanderpool v. Vanderpool*, 442 S.W.3d 756, 762 (Civ. App.—Tyler 2014) (conversion); *Merry Homes, Inc. v. Luc Dao*, 359 S.W.3d 881, 882 (Civ. App.—Houston [14th Dist.] 2012) (money had and received). Claims for breach of contract are subject to a four year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. §16.004; *ISP Shared Technical Svcs., Inc. v. Overwatch Sys., Ltd.*, No. A-14-CA-1092-SS, 2015 WL 4624630, at *3 (July 31, 2015).

Johnson's amended complaint states that his property was foreclosed upon on February 1, 2011. Dkt. 19 at 2. However, Johnson did not file this lawsuit in Harris County Court until February 2, 2015. Dkt. 1-2. This is more than four years after the foreclosure. Therefore, the statute of limitations also supports dismissal of the claim.

### C. *Conspiracy to deprive of property*

Johnson alleges that all the defendants were aware and willing participants in a conspiracy to "wrongfully deprive Plaintiff of his property and/or funds as described above." Dkt. 19 at 3. The defendants argue that Johnson has not pled a claim for a tort upon which to base a claim for conspiracy, nor has he pled facts that go to the elements of conspiracy, and regardless, the claim is time-barred. Dkts. 23 at 17–18, 25 at 8–9.

To recover on a civil conspiracy claim Johnson must demonstrate: (1) the defendant was a member of a combination of two or more persons; (2) the object of the combination was to accomplish an unlawful purpose or lawful purpose by unlawful means; (3) the members had a meeting of the minds on the object or course of action; (4) one of the members committed an unlawful, overt act to further the object or course of action; and (5) the plaintiff suffered injury as a proximate result of the wrongful act. *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005). Additionally, civil conspiracy is not an independent tort, and it must be accompanied by actors who have committed an intentional tort. *Carrol v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979). If the underlying claims of the conspiracy fail, the conspiracy claim fails as well. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins.,* 51 S.W.3d 573, 583 (Tex. 2011).

Johnson has failed to state a claim for a tort and has failed to allege any facts demonstrating a "meeting of the minds" by the defendants in this case. Johnson's complaint even concedes that neither U.S. Bank nor DLJ Mortgage were deeded the property until more than a year after the foreclosure by Aurora was complete. Dkt. 19 at 2–3. Johnson has not pled sufficient facts to state a claim for conspiracy. Defendants' motions to dismiss the civil conspiracy claim are GRANTED.

Even if Johnson had pled sufficient facts, his civil conspiracy claim is time-barred. Civil conspiracy claims are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann.

§16.003; *Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex. App.— Houston [14th Dist.] 2010, no pet.). The foreclosure sale occurred in 2011, and Johnson did not file this lawsuit until 2015.

### D.   *Unreasonable debt collection and violation of FDCPA*

#### 1.   *Unreasonable debt collection*

Johnson alleges that Aurora has never provided a complete accounting of charges and payment for the CIT loan. Dkt. 19 at 3. Defendants assert that Johnson has not alleged any facts of harassment, much less any willful, malicious actions taken by the defendants against Johnson. Dkts. 23 at 14; 25 at 9.

An unreasonable debt collection claim must amount to "a course of harassment that was willful, wanton, malicious and intended to inflict metal anguish and bodily harm." *Water Dynamics, Ltd. v. HSBC Bank USA, N.A.*, 2013 WL 363118, at *2 (5th Cir. 2013) (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.)). Sending acceleration notices and foreclosing on a home in a case where a person is in default on his mortgage loan do not amount to "willful, wanton [and] malicious" conduct required for an unreasonable debt collection claim. *See Mitchell v. Chase Home Finance L.L.C.,* 2008 WL 623395, at *6 (N.D. Tex. May 3, 2013); *see also Steele v. Green Tree Servicing, L.L.C.,* 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010) *aff'd sub. nom. Steele v. Green Tree Servicing, L.L.C.*, 2011 WL 6156865 (5th Cir. 2011). Johnson has not pled facts to indicate intentional harassment that was willful, wanton, or malicious. Therefore, the defendants' motion to dismiss this claim are GRANTED.

    *2.     Violation of the FDCPA*

Johnson claims that Aurora's foreclosure is in violation of the FDCPA. Defendants assert that Johnson has failed to plead facts that go to several of the elements of such a claim, and any such claim is barred by the statute of limitations.

The Fair Debt Collection Practices Act "prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' and from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Davis v. Wells Fargo Bank, N.A.*, 976 F.Supp. 2d 870, 884 (S.D. Tex. 2013) (quoting 15 U.S.C. §§ 1692(e), 1692(f)). Additionally, an FDCPA claim must be brought within the one-year statute of limitations. *See* 15 U.S.C. § 1692(k)(d).

Johnson has failed to allege any facts that demonstrate Aurora's debt collection efforts are actionable as FDCPA violations. Even if Johnson pled sufficient facts, the claims were not brought until 2015, and he is barred by the one-year statute of limitations. The defendants' motions to dismiss the FDCPA claim are GRANTED.

### V. CONCLUSION

For the foregoing reasons, the court **GRANTS** the motions to dismiss (Dkts. 23, 25) as to all claims. Further, the court **DENIES** Johnson's request in his untimely response for an opportunity to amend his pleadings. Not only has the deadline to amend pleadings passed (Dkt. 14), but Johnson has already amended his complaint once (Dkt. 19).

It is so **ORDERED.**

Signed at Houston, Texas on August 21, 2015.

                                            Gray H. Miller
                                       United States District Judge